UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN TODD WILLIAMS,<br><br>                            Movant,<br><br>   -v-<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | No. 20-cv-1554 (RJS)<br>No. 14-cr-784 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

      Movant John Todd Williams moves for the Court's recusal from presiding over his case, and specifically, his motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255. (No. 20-cv-1554, Doc. No. 16.) In support of the recusal request, Williams alleges that the Court's oversight of the case creates an "[i]mpression of bias" because the Court "formerly worked on the Williams case as a District Judge." (*Id.* at 2.) Williams further argues that the Court "cannot be an Appeals Judge and a District Judge at the same time," and suggests it is "a conflict of interest." (*Id.*) In addition, Williams advances several other alleged recusal grounds which essentially amount to accusations that the Court was biased against Williams during his criminal case. For the reasons set forth below, the motion is denied.

      Although Williams does not cite to any authority under which he brings his motion, the Court construes his motion to be one for recusal under 28 U.S.C. §§ 455 and 144. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 provides for disqualification where a party "files a timely and sufficient affidavit" that includes "the facts and the reasons" for the party's belief "that the judge before whom the matter

is pending has a personal bias or prejudice either against him or in favor of any adverse party." *Id.* § 144; *accord id.* § 455(b)(1) (requiring recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts"). The Second Circuit has "noted that 28 U.S.C. §§ 144 and 455 should be construed in *pari materia*" as to allegations of bias or prejudice, such that the recusal analysis "is the same under both sections." *United States v. Pugliese*, 805 F.2d 1117, 1125 (2d Cir. 1986). That analysis requires that the alleged bias or prejudice stem from extrajudicial sources or conduct, "as distinguished from conduct within a judicial context." *Id.* (internal quotation marks omitted); *see also Liteky v. United States*, 510 U.S. 540, 554–55 (1994) (interpreting § 455(a), like § 455(b), to refer to extrajudicial bias and explaining that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," generally "do not constitute a basis for a bias or partiality motion").

The substantive standard for recusal asks whether "a reasonable person, knowing all the facts" could reasonably question the judge's impartiality or "entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). The matter is "committed to the sound discretion of the district court." *Id.* At the same time, the Second Circuit has advised that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Recusal is not warranted where allegedly improper interests are "remote, contingent, or speculative," *id.* at 1313, as "[l]itigants are entitled to an unbiased judge; not to a judge of their choosing," *id.* at 1312.

2

Williams fails to identify a valid basis for recusal under either statute, even assuming, for the sake of argument, that he has met the timeliness and sufficiency requirements in § 144. To the extent that Williams seeks recusal on the basis that his § 2255 motion should not be decided by the same judge that presided over the underlying criminal case, that argument is meritless. The statute governing § 2255 motions expressly provides that an application for collateral relief must be filed in the sentencing court. *See* 28 U.S.C. § 2255(e). The Second Circuit has specifically explained in the § 2255 context that "the fact that personal observations by the judge on trial necessarily enter into his rulings is not cause for disqualification." *Mirra v. United States*, 379 F.2d 782, 788 (2d Cir. 1967). "Indeed, one of the purposes of § 2255 was to make use of such knowledge of the trial occurrences in passing on attacks on convictions because of such occurrences." *Id.* And, as noted, opinions formed or expressed based on evidence and conduct before the judge in a proceeding "are not the personal 'bias and prejudice' required to disqualify a judge." *Id*. at 788.

Moreover, the fact that the Court has retained oversight of Williams's motion and continues to sit by designation as a district judge on this case (and many others to which the Court was previously assigned) is of no moment and certainly would not lead a reasonable person to question the Court's impartiality. To the contrary, statutory authority expressly provides for the designation of judges to proceed in this manner. *See* 28 U.S.C. § 291 ("The chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit, . . . , to hold a district court in any district within the circuit.") Thus, designation of district and circuit judges in active service is permitted with "the consent of the chief judge or judicial council of the circuit from which the judge is to be designated and assigned." *Id.* § 295.

3

Such consent was received here. And once assigned, a judge sitting by designation "shall discharge . . . all judicial duties for which he is designated and assigned." *Id.* § 296. The fact of the Court's sitting by designation is thus clearly not itself a basis for recusal. Since Williams does not identify any other specific bias, impropriety, or conflict arising from the Court's designation, and since his remaining allegations are conclusory and speculative, his motion is denied.[1]

The Clerk of the Court is respectively directed to terminate the motion pending at document number 16 in No. 20-cv-1554.[2] The Clerk of the Court is also respectfully directed to mail a copy of this Order to Williams and note service on the docket. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     July 31, 2020
           New York, New York

                                                        _____
                                                        RICHARD J. SULLIVAN
                                                        UNITED STATES CIRCUIT JUDGE
                                                        Sitting by Designation

---

[1] Of course, the undersigned would recuse himself from participating in any appellate review of the Court's rulings in this or any other district court matter to which he was designated. *See* 28 U.S.C. § 47 ("No judge shall hear or determine an appeal from the decision of a case or issue tried by him).

[2] Although Williams filed this motion only in his civil case (No. 20-cv-1554), and not the underlying criminal case (No. 14-cr-784), the Court will file the present order on both dockets. The parties are again reminded that all filings should include the criminal docket number and be docketed only in the criminal case. (*See* No. 14-cr-784, Doc. No. 279; No. 20-cv-1554, Doc. No. 4.)