UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN TODD WILLIAMS,

Petitioner,

-v-

UNITED STATES OF AMERICA,

Respondent.

No. 20-cv-1554 (RJS)

UNITED STATES OF AMERICA

-v-

JOHN TODD WILLIAMS,

Defendant.

No. 14-cr-784 (RJS)

ORDER

RICHARD J. SULLIVAN, Circuit Judge:

John Todd Williams, proceeding *pro se*, brings two similar motions pursuant to Federal Rule of Civil Procedure 60(b)(4) in connection with his conviction and sentence in *United States v. Williams*, Dkt. No. 14-cr-784 (RJS) (S.D.N.Y.). (*See* Dkt. No. 20-cv-1554, Doc. No. 40 ("First Rule 60(b) Mot."); Dkt. No. 20-cv-1554, Doc. No. 41 ("Second Rule 60(b) Mot.").) For the reasons set forth below, Williams's motions are denied.

## I. BACKGROUND[1]

On July 12, 2016, a jury found Williams guilty of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, for his participation in a scheme to trick and coerce victims into paying their actual or purported debts through misleading and fraudulent tactics. (Doc. No. 178; *see* Doc. No. 204 at 7–19.) In November 2016, the Court principally sentenced Williams to

[1] Unless otherwise specified, all citations to ECF documents refer to the docket in Williams's criminal case, Dkt. No. 14-cr-784, and all references to page numbers correspond to the ECF pagination.


a term of five years' imprisonment, to be followed by three years' supervised release. (Doc. No. 215.) Williams appealed his conviction and sentence, and the Second Circuit affirmed. *See United States v. Williams*, 736 F. App'x 267, 270–73 (2d Cir. 2018). He thereafter brought a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which this Court denied in an order dated March 28, 2022. (Doc. No. 293.) Williams again appealed to the Second Circuit, which denied his motion for a certificate of appealability and dismissed the appeal in its entirety. (Dkt. No. 20-cv-1554, Doc. No. 38 (citing 28 U.S.C. § 2253(c)).)

Williams then filed the instant motions, dated June 8 and September 7, 2023, for relief under Rule 60(b)(4) from a "void judgment" due to a "lack of jurisdiction."[2] (First Rule 60(b) Mot. at 1; Second Rule 60(b) Mot. at 1.) Specifically, Williams argues that: (1) because I am now a circuit judge, I should not have presided over Williams's section 2255 proceeding (First Rule 60(b) Mot. at 7–14; Second Rule 60(b) Mot. at 1–2, 8–16); (2) Williams's conviction should be vacated because his conduct constituted, at most, a civil violation of the Fair Debt Collection Practices Act and not criminal wire fraud (First Rule 60(b) Mot. at 2–3, 14–16; Second Rule 60(b) Mot. at 4, 16–18); (3) the indictment was defective because Williams was not charged with substantive wire fraud, but only with conspiracy to commit wire fraud under 18 U.S.C. § 1349, which has no penalty provision (First Rule 60(b) Mot. at 2, 16–19; Second Rule 60(b) Mot. at 4, 18–21); (4) the search warrants in his criminal case were "grossly fraudulent and facially invalid," in violation of the Fourth Amendment (Second Rule 60(b) Mot. at 21–26); and (5) he was denied his Fifth Amendment right to due process as a result of various technical errors in his criminal proceeding, including that the warrants in his case were fraudulent because there were multiple "original" copies; the name of Williams's company was not listed on a search warrant; items taken

[2] Substantively identical Rule 60(b)(4) motions were docketed in two additional civil cases. Williams voluntarily dismissed those actions (*see* Dkt. No. 23-cv-5453, Doc. No. 7; Dkt. No. 23-cv-8300, Doc. No. 9), and they have been closed (*see* Dkt. No. 23-cv-5453, Doc. No. 8; Dkt. No. 23-cv-8300, Doc. No. 10).

from his company during a search were not inventoried or returned; a co-defendant, who is white, did not receive a term of imprisonment; and Judge Torres improperly reassigned the case to my docket shortly before trial (Second Rule 60(b) Mot. at 26–30).

## II. DISCUSSION

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" if, among other reasons, "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Rule 60(b)(4) applies "only if the court that rendered [the judgment] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks omitted); *see also Rodriguez v. United States*, 164 F. Supp. 3d 561, 565 (S.D.N.Y. 2016). Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief" and therefore can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Generally, a movant cannot use Rule 60(b) to relitigate issues already decided. *See, e.g.*, *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984); *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001) (collecting cases). Moreover, in the habeas context, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (explaining application of Rule 60(b) in the 28 U.S.C. § 2254 context). Where a Rule 60(b) motion attempts to do the latter, the Court may simply "deny the portion of the motion

attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82 (internal quotation marks omitted).

The overwhelming bulk of Williams's motions attacks his underlying criminal conviction rather than the integrity of his habeas proceeding. Indeed, Williams primarily raises the same substantive arguments he made in his section 2255 motion, which this Court rejected, including on the grounds that they had been previously considered and rejected by the Second Circuit on direct appeal.[3] Rule 60(b) "does not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." *Pena v. United States*, 859 F. Supp. 2d 693, 697 (S.D.N.Y. 2012) (internal quotation marks omitted) (collecting cases). The Court therefore rejects Williams's continued attempts to relitigate challenges to his conviction as beyond the scope of Rule 60(b). *See Harris*, 367 F.3d at 82.

Only Williams's first argument – asserting that a circuit court judge may not sit by designation to decide a district court habeas petition – challenges the Court's jurisdiction over his previous section 2255 proceeding and thus falls within the ambit of Rule 60(b). But as with the rest of Williams's motions, this issue has already been raised and decided by the Court. (*See* Doc. No. 293 at 4–5 (addressing Williams's "dissatisfaction with the fact that his petition remained on [my] docket pursuant to 28 U.S.C. § 291 even after [I] was appointed as a Circuit Judge for the Second Circuit"); Doc. No. 289 at 3–4 (denying motion for recusal from presiding over section 2255 motion based on designation).) In any case, the argument renewed here continues to lack

[3] (*Compare* First Rule 60(b) Mot. at 2–3, 14–16 (Ground 2), *and* Second Rule 60(b) Mot. at 4, 16–18 (Ground 2), *with* Doc. No. 278 at 5, 23–25, 32–33 (raising same claim in section 2255 motion), *and* Doc. No. 293 at 14 & n.8 (rejecting same claim in section 2255 order because it had been raised and rejected on direct appeal). *Compare* First Rule 60(b) Mot. at 2, 16–19 (Ground 3), *and* Second Rule 60(b) Mot. at 4, 18–21 (Ground 3), *with* Doc. No. 293 at 32–33 (rejecting same legal argument as "plainly meritless" in section 2255 order). *Compare* Second Rule 60(b) Mot. at 21–30 (Grounds 4 and 5), *with* Doc. No. 278 at 7, 18–21, 26–30, 34–37 (raising same claims in section 2255 motion), *and* Doc. No. 293 at 14 & n.8 (rejecting same claims in section 2255 order because they had been raised and rejected on direct appeal).)

merit, as Williams fails to demonstrate that my designation to the district court was invalid, or that I otherwise lacked the authority to decide his section 2255 motion.

As this Court has already explained (Doc. No. 289 at 3–4), statutory authority expressly provides for my designation as a district judge to continue presiding over Williams's criminal case. *See* 28 U.S.C. § 291(b) ("The chief judge of a circuit or the circuit justice may, in the public interest, designate and assign temporarily any circuit judge within the circuit . . . to hold a district court in any district within the circuit."); *id.* § 296 (requiring that a judge "discharge . . . all judicial duties for which he is designated and assigned"). Consistent with this statutory grant, and the "longstanding and routine practice in this Circuit," circuit judges have been temporarily designated as district judges for the purpose of continuing to hear the matters that were assigned to them when they sat on the district court. *United States v. Feagins*, No. 17-cr-377 (RJS), 2023 WL 5274670, at *1 (S.D.N.Y. Aug. 16, 2023) (collecting cases). Such matters may include section 2255 motions, which, as the Court has previously explained, are typically heard by "the judge who oversaw the trial and sentencing in the court of conviction." (Doc. No. 293 at 4–5 (citations omitted).)

Williams does not point to any authority indicating that, as a legal matter, my designation as a district judge to adjudicate his section 2255 motion was improper. And to the extent that he contends, as a factual matter, that I was not so designated – for example, because my signature block on a particular order omitted that I was "Sitting by Designation" (*see* Second Rule 60(b) Mot. at 9–10) – he is incorrect. In short, Williams has not shown that the Court lacked the authority to decide his section 2255 motion. His only proper Rule 60(b) challenge is therefore denied.[4]

[4] For the avoidance of any doubt, and as the Court has explained on several occasions (Doc. No. 289 at 4 n.1; Doc. No. 293 at 5), I cannot and did not play any role in Williams's appeals of my prior rulings to the Second Circuit. *See* 28 U.S.C. § 47 ("No judge shall hear or determine an appeal from the decision of a case or issue tried by him."). To the extent that Williams makes further appeals to the Second Circuit related to this case, I will of course recuse myself from that appellate review.

## III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT the motions brought by Williams under Rule 60(b) are DENIED. Because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, Williams may not proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Williams at his previously provided (and most recent) address and to terminate the motions pending at Doc. Nos. 40 and 41 in Dkt. No. 20-cv-1554.

SO ORDERED.

Dated: August 8, 2024
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation